UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANCE RIDDLE,<br><br>　　　　Plaintiff.<br><br>　　v.<br><br>MARSHALL E. MIKELS,<br><br>　　　　Defendant. | Case No.  14-cv-02883-KAW<br><br>**ORDER REASSIGNING CASE TO A DISTRICT JUDGE; REPORT AND RECOMMENDATION TO DENY DEFENDANT'S APPLICATION TO PROCEED INFORMA PAUPERIS AND TO REMAND TO STATE COURT**<br><br>Re: Dkt. Nos. 1, &, 2 |

　　　　Defendant Marshall E. Mikels has removed this action from San Mateo County Superior Court, and has applied to proceed with this lawsuit *in forma pauperis* ("IFP") pursuant to 20 U.S.C. § 1915.

　　　　The district court may deny IFP status if federal subject matter jurisdiction is lacking or if the complaint is frivolous.  28 U.S.C. § 1915(e)(2)(B).  A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Where a complaint fails to state that any constitutional or statutory right was violated and fails to assert any basis for federal subject matter jurisdiction, there is no arguable basis in law under *Neitzke* and the court may dismiss the complaint under 19 U.S.C. § 1915(e)(2)(B).

　　　　Defendant has not consented to the undersigned, so, for the reasons set forth below, the Court reassigns this case to a district judge and recommends that Defendant's IFP application be denied and the case be remanded to state court.

## I.　DISCUSSION

　　　　Federal courts exercise limited jurisdiction. A "federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v.*

1 *Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citation omitted). A defendant may remove a civil action from state court to federal court if original jurisdiction would have existed at the time the complaint was filed. *See* 28 U.S.C. § 1441(a). "[R]emoval statutes are strictly construed against removal." *Luther v. Countrywide Homes Loans Servicing, LP*, 533 F.3d 1031, 1034 (9th Cir. 2008). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance," such that courts must resolve all doubts as to removability in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The burden of establishing that federal jurisdiction exists is on the party seeking removal. *See id.* at 566-67.

Defendant's notice of removal alleges that unlawful conduct and illegal practices took place in relation to a lien that he has on Mr. Gomez's estate. Plaintiff Riddle is seeking to extinguish the lien in the Probate Division of the San Mateo Superior Court.

### A.   Federal Question Jurisdiction

A defendant may remove an action to federal court if the district court has original jurisdiction over it. 28 U.S.C. § 1441(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. 28 U.S.C. § 1447(c). The defendant seeking removal of an action to federal court has the burden of establishing federal jurisdiction in the case. *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004). The removal statute is strictly construed in favor of remand and against removal. *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005).

Defendant is attempting remove a probate matter based on federal question subject matter jurisdiction. The Court has an independent obligation to determine whether such jurisdiction lies. *United States v. Moreno-Morillo*, 334 F.3d 819, 830 (9th Cir. 2003); 28 U.S.C. §§ 1331 & 1332. Federal question jurisdiction is present where a claim (1) arises under a federal law or the U.S. Constitution, (2) alleges a "case or controversy" within the meaning of Article III, § 2 of the U.S. Constitution, or (3) is authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). Defendant, however, cannot establish jurisdiction a proper basis for jurisdiction in this case.

The complaint filed in the state court contains a single claim for relief to petition to

extinguish a lien. (*See* Dkt. No. 1.) Such actions are strictly within the province of state court. A defendant cannot create federal question jurisdiction by adding claims or defenses to a notice of removal. *See McAtee v. Capital One*, *F.S.B.*, 479 F.3d 1143, 1145 (9th Cir. 2007) (even previously asserted counterclaims raising federal issue will not permit removal).

Defendant's references to the Fair Debt Collections Practices Act, the U.S. Constitution and its amendments, and the Declaration of Independence do not establish federal question jurisdiction in this matter. In determining the presence or absence of federal jurisdiction in removal cases, the "'well-pleaded complaint rule,' applies which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Here, the complaint raises only a state law claim and Defendant cannot inject a federal question by adding claims or defenses in his notice of removal. Thus, Defendant's contention that there are any federal questions at issue in this litigation is misplaced.

### B.   Diversity Jurisdiction

District courts also have original jurisdiction over all civil actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). When federal subject-matter jurisdiction is predicated on diversity of citizenship, complete diversity must exist between the opposing parties. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978). Under the forum defendant rule, "a civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b).

As discussed above, this action is not removable on the basis of federal question jurisdiction. Therefore, the only remaining removal basis would be diversity between Plaintiff, whose citizenship is unknown, and Defendant, a citizen of California. In such situations, the forum defendant rule applies, and an action may not be removed to the district court if any

properly served defendant is a citizen of California.  As Defendant was properly served[1] prior to the filing of the notice of removal, and is a citizen of California, the state in which this action was brought, this case is not removable on the basis of diversity jurisdiction. *See* 28 U.S.C. § 1441(b).

### C.   Failure to timely file Notice of Removal

Generally, a defendant seeking to remove an action to federal court must file a notice of removal within thirty days of receiving a copy of the initial pleading, or within thirty days after the service of summons upon the defendant, whichever is shorter. 28 U.S.C. § 1446(b). Here, the underlying state court pleading was filed on March 24, 2014. As provided above, Defendant admits to having been served on April 4, 2014. *See* discussion *supra* Part I.B.  The notice of removal was not filed with this court until June 23, 2014, nearly three months after the state court complaint was filed and served on Defendant.  Therefore, the notice of removal is untimely. Moreover, even if the notice of removal was timely, as discussed above, subject matter jurisdiction over the lawsuit does not exist to permit the district court to adjudicate the lawsuit.

## II.   CONCLUSION

In light of the foregoing, the Court reassigns this action to a district judge with the recommendation that Defendant's application to proceed *in forma pauperis* be DENIED and the action be REMANDED to state court for further proceedings.

///

///

///

///

///

///

///

---

[1] Defendant attaches a copy of the first page of the "Notice of Petition and Petition to Extinguish Lien" to his notice of removal, which states in his own handwriting that the document was "[r]eceived on April 4, 2014 and returned on April 7, 2010 within one business day." (Not. of Removal, Dkt. No. 1 at 29.)  Thus, the Court considers April 4, 2014 to be the date he was served, since Defendant does not have the right to refuse service of court documents nor can he refuse to participate in legal proceedings without risking the forfeiture of his legal rights.

4

Any party may file objections to this report and recommendation with the district judge within 14 days of being served with a copy. *See* 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b); N.D. Civil L.R. 72-3.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the district court's order. *IBEW Local 595 Trust Funds v. ACS Controls Corp.*, No. C-10-5568, 2011 WL 1496056, at *3 (N.D. Cal. Apr. 20, 2011).

IT IS SO RECOMMENDED.

Dated: July 11, 2014

_____
KANDIS A. WESTMORE
United States Magistrate Judge